*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL RODRIGUEZ,<br><br>    Petitioner,<br><br>  vs.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 09-3945 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as a second or successive petition. Although given an opportunity, petitioner did not file an opposition. Based upon the papers submitted, the court concludes that the petition is an unauthorized second or successive petition, GRANTS respondent's motion and DISMISSES the instant petition.

**BACKGROUND**

According to the petition, petitioner was convicted by jury in the Superior Court of Santa Clara County of child molestation and oral copulation with force. (Pet. at 3.) On November 13, 2002, the trial court sentenced petitioner to seventy five years to life. (Id.) In 2004, petitioner's direct appeal was affirmed by California Court of Appeal. (Id. at 4.) That same year, the

California Supreme Court denied review. (Id.) Thereafter, the California Supreme Court also denied petitioner's state habeas petition. (Id.) Petitioner filed the instant petition on August 26, 2009.

**DISCUSSION**

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.

Here, the instant petition challenges the same conviction and sentence as petitioner's 2005 habeas action, which was dismissed as untimely. See Rodriguez v. Evans, No. 05-4560 JF (N.D. 2007). A dismissal on statute of limitations grounds constitutes a decision on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this court to consider any new claims. Accordingly, this court must dismiss the instant petition in its entirety. See 28 U.S.C. § 2244(b)(3)(A).

**CONCLUSION**

Respondent's motion to dismiss the petition as second or successive is GRANTED. The instant habeas petition is DISMISSED without prejudice to refiling if petitioner obtains the necessary order. The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated: 2/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge